UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Addison, | ) | C/A No. 2:25-cv-12512-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Schwacke, Julie J. Armstrong, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jerome Addison ("Plaintiff"), proceeding pro se, brings this action purportedly under 42 U.S.C. § 1983.[1] ECF No. 1 at 4. Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Ridgeland Correctional Institution. *Id*. at 2. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the District Judge. For the reasons below, this action is subject to summary dismissal.

**BACKGROUND**

Plaintiff commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 on the standard form. ECF No. 1. As such, the Clerk of Court opened the case as a civil rights action under 42 U.S.C. § 1983 and entered Plaintiff's document as the Complaint filed in this matter. *Id.* Plaintiff purports to sue former Solicitor David Schwacke ("Schwacke") and Clerk of Court Julie J. Armstrong ("Armstrong"). *Id*. at 2–3. Plaintiff contends his rights have been

---

[1] As explained below, although Plaintiff purports to bring his claims under § 1983, because he seeks to overturn and invalidate his conviction, the claims asserted in this action are properly construed as seeking a petition for writ of habeas corpus under 28 U.S.C. § 2254.

1

violated under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id*. at 4. Plaintiff alleges that Armstrong failed to provide notice, Schwacke failed to advise in matters of public concern, and Schwacke failed to provide equal protection of the laws. *Id*. Plaintiff asserts that Schwacke "fail[ed] to enforce in violation of due process" on July 8, 1996, and violated the double jeopardy clause on February 5, 1997. *Id*. at 5. Plaintiff also asserts his due proceed rights were violated on May 6, 1987. *Id*. Plaintiff contends he "was subsequently indicted and tried." *Id*.

For his injuries, Plaintiff contends he has been falsely imprisoned for 28 years, has suffered two strokes, and is now suffering a speech impairment. *Id*. at 6. For his relief, Plaintiff seeks "money damages and injunctive relief." *Id*.

## CONSTRUCTION OF THE PLEADINGS

Plaintiff's Complaint, like his many prior complaints filed in this Court, appears to challenge his South Carolina state conviction and sentence. Because Plaintiff seeks to challenge his conviction, this action may be seeking habeas corpus relief under 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254.'"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Plaintiff has previously filed actions purporting to assert claims under § 1983, which the Court has construed as seeking habeas relief from his state court conviction and sentence. *See, e.g., Addison v. Armstrong*, C/A No. 2:24-cv-3623-RMG-WSB (D.S.C.), ECF No. 23 (Order adopting Report and

Recommendation at ECF No. 14). Even if this action is construed as seeking money damages under § 1983, such relief is not appropriate, as explained below, because Plaintiff is seeking relief related to his purported unlawful incarceration for a state court conviction and sentence. Money damages are barred for such claims if the conviction has not been overturned.

As such, the Court will evaluate Plaintiff's claims as seeking a petition for a writ of habeas corpus under § 2254. Nevertheless, Plaintiff's claims are subject to summary dismissal whether this action should proceed under either § 1983 or § 2254.

## **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff appears to be unable to pay the filing fee, and he has filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff is a "frequent filer" who has filed more than thirty cases in this Court, including the instant action.[2]

If this action is construed as a civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff's motion should be denied as he is subject to the Three-Strikes Rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321–71 (1996) ("PLRA").[3] Plaintiff's past requests

---

[2] *See* case numbers 89-1363, 90-2031, 90-2693, 91-1369, 91-2300, 96-1278, 96-3007, 00-1178, 00-1446, 00-2149, 00-2557, 02-0124, 02-2271, 02-2714, 05-0501, 05-1373, 05-1565, 05-3479, 06-3308, 06-3403, 07-1977, 08-3649, 08-3717, 09-1907, 09-2896, 10-2992, 11-2705, 11-2936, 13-2943, 15-4581, 18-2782, 20-3735, 20-4010, 24-3623.

[3] The PLRA requires this Court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Further, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees in what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

to proceed *in forma pauperis* have been denied under the Three-Strikes Rule. *See, e.g., Addison v. Stirling*, No. 8:20-cv-3735-TMC-JDA (D.S.C.), ECF No. 18 (Order denying motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g)). At least three of Plaintiff's prior cases have been dismissed for reasons that qualify as strikes. *See Addison v. McFadden*, C/A No. 8:15-cv-4581 (D.S.C. Jan. 26, 2016); *Addison v. South Carolina*, C/A No. 2:05-cv-0501 (D.S.C. Apr. 6, 2005); *Addison v. Ninth Circuit Solicitor's Office*, C/A No. 2:00-cv-1178 (D.S.C. May 23, 2000).[4]

However, because the Three-Strikes Rule does not apply to a habeas action, Plaintiff's Motion should be granted if the District Court Judge agrees with the undersigned to construe this

---

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. 595,140 S. Ct. 1721 (2020). The imminent danger "exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022).

The PLRA's three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous or meritless litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee. *Lomax*, 140 S. Ct. at 1726. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

[4] In addition to the three cases noted above, several of Plaintiff's other cases also qualify as a strike under the PLRA in light of *Lomax*. *See, e.g.*, No. 2:09-cv-2896 (dismissal based on *Heck* and immunity of the defendants); No. 2:09-cv-1907 (dismissal based on *Heck*); No. 2:08-cv-3649 (dismissal based on *Heck* and immunity of the defendants).

action as seeking habeas relief under § 2254. Regardless of whether the Motion for leave to proceed *in forma pauperis* is granted or denied, the action is subject to summary dismissal.

## STANDARD OF REVIEW

**Review of *Pro se* Pleadings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Amended Complaint, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Review of Habeas Petitions**

A careful review has been made of the *pro se* Complaint, construed as a habeas petition under § 2254, in accordance with established local procedure in this judicial district and pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214.  This Court is charged with screening Plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).

6

**Claims under 42 U.S.C. § 1983**

Plaintiff purports to assert claims under 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

**Claims Seeking Habeas Relief**

Plaintiff appears to be challenging the validity of his state court conviction and sentence, which he has done numerous times before in this Court. As such, this action is construed as seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, because habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Although § 2254 is the appropriate vehicle for Plaintiff to challenge his state conviction and sentence, relief under the statute is unavailable to Plaintiff because the instant action is an

unauthorized successive Petition. On April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 and other habeas statutes. Specifically,

> [t]he AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b).

*Felker*, 518 U.S. at 657 (citing § 2244(b)(3)(c); §§ 2244(b)(3)(B), (D)). To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

This is at least the sixth habeas action that Plaintiff has submitted to this Court in his efforts to challenge his state court criminal conviction and sentence. Specifically, Plaintiff filed a habeas action pursuant to § 2254 at case number 2:00-cv-2557, and this Court dismissed that action with prejudice on August 7, 2001, granting summary judgment to the Respondent. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ (D.S.C. Aug. 7, 2001), ECF No. 34 (adopting the Report and Recommendation at ECF No. 23). Additionally, Plaintiff filed subsequent habeas actions pursuant

to § 2254 at case numbers 2:02-cv-2271, 2:05-cv-3479, 2:08-cv-3717, 8:20-cv-4010, and 2:24-cv-3623, and this Court dismissed each of those actions as unauthorized successive petitions. The petition at case number 2:00-cv-2557 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition. Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that Plaintiff did not obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it. *Id.*

**Claims Seeking Relief Under § 1983**

Even if the Court were to construe Plaintiff's Complaint as seeking relief under § 1983, the action is subject to dismissal because Defendants are entitled to immunity, the Complaint fails to state a claim on which relief may be granted, and the action is frivolous.

*Immunity of Defendants*

Both Defendants named in this action are entitled to immunity from suit to the extent this action is construed as seeking a claim for money damages under 42 U.S.C. § 1983.[5]

Schwacke is entitled to prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of

---

[5] If the district court agrees with the recommendation that this action be construed as seeking habeas corpus relief, the named Defendants would not be proper parties. A prisoner's custodian is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Thus, the Warden of Ridgeland Correctional Institution would be the proper respondent in this action.

their duties, have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pretrial "motions" hearings, absolute immunity applies. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). The alleged wrongful conduct of Schwacke—identified as the Solicitor—is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, Schwacke has absolute immunity from suit. *See Dowdle v. Skinner*, C/A No. 6:12-cv-3253-DCN, 2013 WL 5771199, at *2 (D.S.C. Oct. 24, 2013); *Rhodes v. Seventh Cir. Solics. Off.*, C/A No. 9:09-cv-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) ("Even if the . . . Solicitor's Office could be construed as [a] 'person[]' under § 1983, . . . [the] Solicitor's Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that office."). Accordingly, Plaintiff's claims against Schwacke are subject to dismissal because he is entitled to immunity.

Armstrong, identified as the Clerk of Court, is also entitled to immunity. In an official capacity, Armstrong is entitled to Eleventh Amendment immunity. *See Stoudemire v. Robertson*, C/A No. 7:18-cv-2839-JFA-MGB, 2018 WL 10035799, at *4 (D.S.C. Nov. 19, 2018), *R&R adopted by* 2019 WL 3852507 (D.S.C. Aug. 15, 2019) (finding a state clerk of court is entitled to Eleventh Amendment immunity for official capacity claims). In an individual capacity, Armstrong is protected by quasi-judicial immunity for performing official duties for the state court system. "Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved." *Stoudemire*, 2018 WL 10035799, at *5.

This derivative immunity is often referred to as "quasi-judicial immunity." *See, e.g., Abebe v. Propes*, Case C/A No. 0:11-cv-1215-MBS-PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *R&R adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case C/A No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *aff'd,* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016). Such immunity has been applied to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). The present case is an example of this.

Plaintiff's allegations concern whether Armstrong provided proper notice in filing an indictment. In doing so, Armstrong was performing judicially-related duties and acting pursuant to authority delegated by the court. *See Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of quasi-judicial immunity to state clerk of court for performing judicially-related duties); *Martin v. Rush*, C/A No. 13-cv-693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, C/A No. 3:13-cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *R&R adopted by* 2013 WL 2099707 (D.S.C. May 14, 2013), *aff'd*, 540 F. App'x 212 (4th Cir. 2013). Armstrong is entitled to quasi-judicial immunity for performing official duties for the court. *See Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) ("[C]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction.").

### *Plaintiff's Claims are Barred by Heck*

The crux of this action challenges Plaintiff's custody in SCDC as unlawful. To the extent Plaintiff seeks release from SCDC, release from prison is not available in a civil rights action

11

brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser*, 411 U.S. at 487–88 (attacking the length of duration of confinement is within the core of habeas corpus).

Plaintiff's claim seeking damages based on his alleged unlawful confinement in SCDC is premature because he is currently serving a sentence for a conviction that has not yet been invalidated. In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 481. Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff alleges the state sentence he is currently serving is unconstitutional because the Solicitor and Clerk of Court violated his due process rights and the double jeopardy clause of the Constitution. ECF No. 1 at 4–6. Plaintiff does not allege

that his conviction and sentence have been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Thus, this § 1983 claim should be dismissed because a right of action has not accrued.

### *The Action is Frivolous*

Finally, this action is frivolous because Plaintiff has filed several prior similar civil actions seeking in part to attack the validity of his state conviction and damages based on alleged illegal incarceration. This Court has previously found that the *Heck* rule bars such a claim. *See, e.g., Addison v. McFadden*, C/A No. 8:15-cv-4581-TMC-JDA (D.S.C.), ECF No. 19 (adopting Report and Recommendation at ECF No. 14, finding the case was barred by *Heck*); *Addison v. South Carolina*, C/A No. 2:08-cv-3649-HFF-RSC (D.S.C.), ECF No. 10 (adopting Report and Recommendation at ECF No. 6, finding the case was barred by *Heck*). Thus, Plaintiff has been informed that this type of § 1983 claim has no basis in law, and his bringing such a claim again is frivolous. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012).

Because Plaintiff appears to be attempting to re-assert the same claims as his prior cases, the present action is duplicative of Plaintiff's prior cases and this action warrants dismissal on that basis. "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, C/A No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (holding the "Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), *aff'd*, 631 F. App'x 197 (4th Cir. Feb. 4, 2016). The Fourth Circuit Court of Appeals has instructed that, "[b]ecause

district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (citing *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) ("district courts may dismiss duplicative complaints under section 1915")); *Wilkins v. Harley*, C/A No. 6:11-cv-3463-MBS-KFM, 2012 WL 256566, at *2 (D.S.C. Jan. 12, 2012) ("this duplicate § 1983 Complaint is frivolous and subject to summary dismissal"), *R&R adopted by* 2012 WL 260159 (D.S.C. Jan. 27, 2012). Therefore, in the interests of judicial economy and efficiency and because the present action is a meritless duplicate of prior lawsuits filed by Plaintiff, the present case is frivolous and subject to summary dismissal. *See Lester v. Perry Corr. Inst.*, C/A No. 4:12-cv-971-TMC-TER, 2012 WL 1963592, at *3 (D.S.C. May 10, 2012), *R&R adopted by* 2012 WL 1963566 (D.S.C. May 31, 2012), *aff'd*, 479 F. App'x 509 (4th Cir. 2012); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that the district court construe this action as seeking a writ of habeas corpus under 28 U.S.C. § 2254, **GRANT** Plaintiff's Motion for leave to proceed *in forma pauperis*, **DENY** the petition for relief as an unauthorize successive petition, and **DISMISS** the action without prejudice and without requiring the respondent to file an answer or return.

In the alternative, **IT IS RECOMMENDED** that, if the district court construes this action as asserting claims under 42 U.S.C. § 1983, the district court **DENY** Plaintiff's Motion for leave to proceed *in forma pauperis* under the PLRA's Three-Strikes Rule, and **DISMISS** the Complaint

as frivolous and for failing to state a claim for relief without leave to amend as amendment would be futile.

    **IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

September 12, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).