# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, | Case No. 2:25-12512-RMG |
| Petitioner/Plaintiff, | |
| v. | |
| David Schwacke, Julie J. Armstrong. | **ORDER AND OPINION** |
| Respondents/Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this action be summarily dismissed as an unauthorized successive habeas petition. The Magistrate Judge further recommends, in the alternative, that if this action is construed as an action arising under 42 U.S.C. § 1983, the action be summarily dismissed because Defendants are immune from suit, the action is barred under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), and the action is duplicative of prior suits brought by Petitioner/Plaintiff.[1] (Dkt. No. 8). Petitioner/Plaintiff filed an objection to the R & R and a motion to amend his complaint, asserting a new claim under the South Carolina Administrative Procedures Act, S.C. Code § 1-23-140. (Dkt. Nos. 10, 11, 11-1).

---

[1] The Court references Jerome Addison as Petitioner/Plaintiff because, while he purported to bring the action under § 1983, he challenges his state conviction and sentence, making this effectively a petition for habeas relief. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). As explained herein, this action/petition is subject to summary dismissal regardless of whether it is treated as an unauthorized successive habeas petition or a duplicate § 1983 action.

1

I.   **Background**

Petitioner/Plaintiff is an inmate at the South Carolina Department of Corrections who is serving a life sentence for kidnapping and assault and battery with intent to kill. He asserts claims against the Solicitor and Clerk of Court serving at the time of his conviction and the contends his conviction and life sentence violated his rights under the United States Constitution. He seeks monetary and injunctive relief. (Dkt. No. 1).

The Magistrate Judge noted that Petitioner/Plaintiff has sought to challenge his conviction and sentence in six different habeas petitions and multiple § 1983 actions, all which have been denied. The Magistrate Judge found that this action/petition is effectively an unauthorized successive habeas petition and is, thus, subject to summary dismissal. (Dkt. No. 8 at 8-9). He found, in the alternative, that if this suit is treated as arising under § 1983, the action is barred by the immunity of the Solicitor and Clerk of Court. (*Id*. at 9-11). Further the Magistrate Judge found that the effort to use § 1983 as an alternative device to challenge a state conviction is improper under *Heck v. Humphrey*. (*Id*. at 11-13). Finally, the Magistrate Judge found that the suit is frivolous because similar claims have already been litigated and rejected in prior civil actions brought by Petitioner/Plaintiff. (*Id*. at 13-14).

Petitioner/Plaintiff filed no specific objection to the R & R of the Magistrate Judge but moved to amend his complaint to add a claim under the South Carolina Administrative Procedures Act, S.C. Code § 1-23-140. This state statute requires state agencies to make available to the public a description of the agency organization, written procedures of the agency, and all written orders, decisions, and opinions. (Dkt. Nos. 10, 11, 11-1). Petitioner/Plaintiff provides no explanation in his objection or proposed amended complaint of how this statute was allegedly violated by Defendants, how his legal rights were impacted by this alleged violation of state law,

2

or how any alleged violation relates to any federal right or claim over which this Court would have jurisdiction.

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

3

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this suit is effectively an unauthorized successive habeas petition because it challenges the Petitioner/Plaintiff's state conviction and sentence.  As such, the Magistrate Judge correctly concluded that it is subject to summary dismissal.  The Court further finds that the Magistrate Judge correctly concluded that if the action was deemed to arise under § 1983, it would be subject to summary dismissal as well.

Petitioner/Plaintiff asserted in his objection and in a proposed amended complaint a new claim arising under S.C. Code § 1-23-140 of the South Carolina Administrative Procedures Act. The proposed amended complaint does not explain what particular acts or omissions of Defendants were in violation of this statute or how this alleged violation of the South Carolina Administrative Procedures Act affected the rights of Petitioner/Plaintiff.  Furthermore, there is no explanation regarding how this Court would have jurisdiction over a claim arising under a state statute. Consequently, the Court overrules the objection of the Petitioner/Plaintiff and denies his motion to amend on the basis of futility because he fails to assert a claim for which relief may be granted or in which this Court could exercise federal jurisdiction. *Equal Rights Center v. Niles Boldon Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

### Certificate of Appealability

To the extent that Petitioner/Plaintiff asserts this action as an unauthorized successive habeas petition, the governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of the Court and **DENIES** Petitioner/Plaintiff's motion to amend. (Dkt. No. 11). The Court **DISMISSES** this suit without prejudice and without requiring an answer or return. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 30, 2025
Charleston, South Carolina